IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21-CR-621 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| JOHN STOESSEL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Sarah Stoessel[1] was indicted on two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Before the Court is defendant's motion to suppress evidence [32]. For the following reasons, the Court denies the motion.

**Background**

In September 2021, two bank robberies occurred on separate dates in Elk Grove Village, Illinois and Arlington Heights, Illinois. After each, the robber drove away in a red sedan. Through surveillance footage from the second robbery, police connected the red sedan to a rental car agency. Rental records listed John Stoessel, Sr. ("John") as the renter and John Stoessel, Jr.[2] as an additional driver. Approximately one week later, officers arrested Sarah at her parent's home, where she stayed. Officers also interviewed her parents, John and Judy Stoessel ("Judy"), about the rental vehicle together. Judy "took the lead during the interview" and John did not respond to the officers' questions, but "nod[ded] or verbally agree[d] to Judy Stoessel's answers." (Dkt. 35-2, at 2.)

---

[1] The case caption and indictment identify defendant as "John Stoessel." The Court understands that defendant goes by "Sarah" and uses she/her pronouns, as reflected throughout this opinion.
[2] The documents identified defendant by her legal name, but defendant does not contest that she was the additional driver listed on the rental agreement. (*See* Dkt. 32, at 4.)

Judy first informed the officers that Sarah "was the only individual who had the keys and the only individual known to have driven the vehicle." Later, Judy told the officers she and her husband rented the car for Sarah through Sarah's insurance policy, which Judy and John paid for, because Sarah had been in a car accident. Officers asked Judy for her consent to search the rental car, which was parked in the driveway. Judy provided verbal and written consent to the search of the rental car. After officers retrieved the car keys from Sarah's room, they found inside the rental vehicle: a navy-blue sweatshirt, a $20 bill, and two notes, one of which stated, "No Alarms, No Dye Packs, No Bait Bills or GPS, Give me all 100's, 50's, 20's, 10's, Do Not Stall." (Dkt. 35, at 6.)

**Discussion**

The Court first considers the whether the search of the vehicle falls under the automobile exception to the warrant requirement. *See generally California v. Carney*, 471 U.S. 386, 105 S. Ct. 2066, 85 L. Ed. 2d 406 (1985). The Government contends that the officers conducted a lawful warrantless search because the officers possessed probable cause that evidence of a crime would be found in the rental car. *United States v. Smith*, 989 F.3d 575, 581 (7th Cir. 2021) (under the automobile exception to the warrant requirement, "an officer may search a vehicle without a warrant if there is probable cause"). Sarah responds that the automobile exception does not apply to the search of the rental vehicle under *Collins v. Virginia*, 138 S. Ct. 1663, 1670, 201 L. Ed. 2d 9 (2018), because it was parked within the curtilage of the Stoessel's home. In *Collins*, a law enforcement officer entered onto the defendant's driveway to conduct a warrantless search of a vehicle. *Id.* at 1669. Though the officer possessed probable cause that the vehicle had been involved in a crime, he had no lawful right of entry onto the curtilage of the property. *Id.* The Supreme Court held the search unconstitutional, ruling that "[n]othing in our case law [ ] suggests that the automobile exception gives an officer the right to enter a home or its curtilage to access a vehicle without a warrant." *Id.* at 1671.

This case is distinguishable from *Collins* because Sarah does not contend that the officers unlawfully entered the curtilage of the home. Rather, Judy consented to the search of the vehicle (albeit invalidly), consented to the search of a portion of the home, and allowed the officers to approach the car to conduct the search. Because the officers lawfully entered the curtilage of the home, the automobile exception can validly apply. The Court's decision then rests on whether probable cause existed to search the rental car. After the September 22 and 28, 2021 robberies, witness testimony and surveillance video suggest that the bank robber fled each robbery in a red sedan. Law enforcement identified the red sedan by its license plate through surveillance footage, connected it to Sarah and John through the rental agency records, and tracked it to John and Judy's home. The totality of the circumstances indicated a fair probability that law enforcement officers would find evidence of the robberies in the vehicle. Therefore, the search of the car fell under the automobile exception to the warrant requirement. *United States v. Harris*, 731 F.3d 772, 778 (7th Cir. 2015).

**Conclusion**

For the reasons stated above, defendant's motion to suppress evidence [32] is denied.

**IT IS SO ORDERED.**

Date: 6/7/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge